IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETHANY G. D., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-530-SMD |
| ) | |
| FRANK BISIGANO,[1] ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
|    Defendant. ) | |

**OPINION & ORDER**

Plaintiff Bethany G. D. ("Plaintiff") applied for supplemental security income ("SSI") alleging disability beginning May 28, 2021. Tr. 11. Plaintiff's application was denied at the initial administrative level and on reconsideration. *Id.* She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on November 27, 2023, that she was not disabled. Tr. 11-23. Plaintiff appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff appeals under 42 U.S.C. § 405(g). For the following reasons, the Court AFFIRMS the Commissioner's decision.[2]

---

[1] Frank Bisigano, the Commissioner of the Social Security Administration, is substituted for Leland Dudek as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Cons. (Doc. 6); Def.'s Cons. (Doc. 7).

I.  **STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ

---

[3] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in disability cases filed under Title II of the Social Security Act, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.")

determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II. STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on her or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 40 years old on her alleged disability onset date. Tr. 21. She has a high school education and past work experience as a fry cook. *Id.* Plaintiff alleged disability due to knee issues, a thyroid problem, and bulging disks in her back. Tr. 220.

In the administrative proceedings, the ALJ made the following findings. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date. Tr. 13. At step two, the ALJ found Plaintiff suffers from the following severe impairments: obesity, carpal tunnel syndrome-right hand, degenerative disk disease of the lumbar spine and degenerative changes status post fusion, and osteoarthritis of the right knee with chondromalacia. Tr. 13-14. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 14.

The ALJ proceeded to determine Plaintiff's RFC, finding she has the capacity to perform light work with additional exertional and nonexertional limitations. Tr. 14-21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 21. At step 5, the ALJ found that jobs exist in significant numbers in the national economy

that Plaintiff can perform, such as garment sorter, inspector, and tagger. Tr. 22. Accordingly, the ALJ found Plaintiff was not disabled from her alleged onset date through the decision date. Tr. 22-23.

## IV. PLAINTIFF'S ARGUMENTS

Plaintiff presents two issues for the Court's review:

(1) Whether the ALJ properly evaluated her subjective complaints.

(2) Whether the ALJ properly considered her impairments in combination.

As explained below, the ALJ did not commit reversible error on these issues.

## V. ANALYSIS

### 1. The ALJ properly evaluated Plaintiff's subjective complaints.

Plaintiff argues that the ALJ did not properly evaluate her subjective complaints of pain and physical impairments. Pl.'s Br. (Doc. 13) p. 6. When a claimant attempts to establish disability by subjective testimony, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In evaluating a claimant's subjective symptoms, the ALJ may consider a variety of factors, including objective medical evidence, treatment history, response to medication and other treatments, sources of pain relief, and the claimant's daily activities. *See* 20 C.F.R. § 404.1529(c)(1)-(4). If an ALJ rejects a claimant's testimony, the ALJ "must articulate explicit and adequate reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th

Cir. 2002). However, the ALJ need not list the factors considered in his decision or present his findings in a particular manner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Plaintiff's subjective complaints include difficulty lifting ten pounds, constant debilitating pain in multiple areas of her body, difficulty moving her extremities, and difficulty gripping objects. Tr. 16-17. The ALJ rejected this testimony, citing objective medical evidence indicating that Plaintiff improved after surgery, needed no additional back or knee surgeries, had her pain managed by current medication, demonstrated normal movement and strength in her upper and lower extremities, could walk without an assistive device, and reported no issues after knee surgery. Tr. 17-20; Tr. 825-835; Tr. 617-18; Tr. 773; Tr. 896.[6] Additionally, the ALJ pointed to evidence of Plaintiff's lack of effort during medical assessments, her ability to perform daily activities, and the fact that her doctor and the state agency medical consultants found that she could perform light work. Tr. 16; Tr. 20-21; Tr. 101-107; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (allowing the ALJ to consider a claimant's daily activities at step four). This is substantial evidence supporting the ALJ's decision to discredit Plaintiff's subjective complaints.

Plaintiff argues that the aforementioned evidence does not constitute substantial evidence to reject her testimony. Pl.'s Br. (Doc. 13) p. 11. But her argument hinges on her own recitation of different medical evidence supporting her claim. For example, Plaintiff

---

[6] Plaintiff asserts that the ALJ's statement that her knee and back pain improved after surgery is a "mischaracterization" of the record. Pl.'s Br. (Doc. 13) p. 11. While she points to records indicating that her pain persisted, the ALJ noted records indicating that her pain improved after surgery, including but not limited to knee pain rated at 2/10 by September 2022 and no objective findings on back pain by August 2022. Tr. 833; Tr. 896. And Plaintiff concedes that her pain improved after surgery. Pl.'s Br. (Doc. 13) p. 11.

cites knee and spine x-rays, MRIs, and physical examinations that returned abnormal results. *Id.* at 9-10. She also points to evidence of extreme obesity. *Id.* at 10. However, it is well established that the existence of evidence that might show disability is insufficient to overturn a contrary decision supported by substantial evidence, and the Court cannot reweigh the evidence to reach a new decision even if the weight of the evidence goes against the ALJ's decision.[7] *Mitchell v. Comm'r, Soc. Sec. Admin*, 772 F.3d 780, 782 (11th Cir. 2014).

Additionally, Plaintiff contends that the ALJ failed to "carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of [Plaintiff's] symptoms." Pl.'s Reply (Doc. 18) p. 4 (internal citations omitted). But the ALJ did consider other evidence, including, *inter alia*, Plaintiff's daily activities, lack of effort in medical examinations, and improvement after treatment. Tr. 16; Tr. 20-21; Tr. 101-107. Given the ALJ's consideration of this evidence along with his extensive discussion of the medical evidence, the Court finds that the ALJ discharged his duty to evaluate all of the evidence pertaining to the intensity, persistence, and limiting effects of Plaintiff's symptoms. As such, the ALJ's evaluation of Plaintiff' subjective complaints is supported by substantial evidence, and he did not err.

---

[7] In her reply, Plaintiff contends that she is not asking the Court to reweigh the evidence. Reply (Doc. 18) p. 3. However, Plaintiff asserts in the same paragraph that she is asking the Court "to recognize that her subjective statements are supported by the record." *Id.* While the Court acknowledges that the evidence cited by Plaintiff could support a finding of disability, the Court cannot overturn the ALJ's decision that Plaintiff is not disabled based on the evidence she cites, as such a decision would necessarily require the Court to find that her evidence of disability outweighs the evidence identified by the ALJ supporting a finding of not disabled.

**2. The ALJ considered the effect of Plaintiff's impairments in combination.**

Plaintiff argues that the ALJ failed to consider the combined impact of her impairments, specifically her obesity. Pl.'s Br. (Doc. 13) pp. 14-19. When a claimant alleges multiple impairments, the ALJ must consider them in combination to determine if they medically equal a listing. *Wilson*, 284 F.3d at 1224; 20 C.F.R. § 404.1526(a). An ALJ's statement that a claimant's severe impairment or combination of impairments is not medically equivalent to those listed in Appendix 1 is evidence that the ALJ considered the combined effect of the claimant's impairments. *Id.* at 1224-25 (citing *Jones v. Dep't of Health & Human Servs.*, 941 F. 2d 1529, 1533 (11th Cir. 1991) (finding that a statement by an ALJ listing the claimant's impairments and concluding they were not alone or in combination covered by Appendix 1 was evidence that the ALJ considered the combined impact of the impairments)).

Here, the ALJ specifically stated that "[Plaintiff]'s impairments, singularly and in combination, have been compared to all the listed impairments. . ." Tr. 14. Further, the record reflects that the ALJ considered Plaintiff's impairments in combination beyond this statement, specifically finding that her obesity, in combination with her other impairments, did not equal a listed impairment, but still assigned limitations relating to Plaintiff's obesity in her RFC. Tr. 19. The ALJ's substantial discussion of Plaintiff's impairments along with his statement affirming that he considered her impairments singularly and in combination is substantial evidence that the ALJ considered Plaintiff's impairments in combination. *Reliford v. Barnhart*, 157 F. App'x 194, 196 (11th Cir. 2005) ("We have repeatedly held that an ALJ's finding regarding a claimant's 'impairment or combination of impairments'

8

established that the ALJ had indeed considered the impact of the plaintiff's combined impairments"). As such, the ALJ did not err.

## VI.   CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error and that substantial evidence supports the Commissioner's decision. Accordingly, it is

ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 22nd day of May, 2025.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE